IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN L. FISH,

    Plaintiff,

vs.                                        Civ. No. 05-813 JP/LAM

VILLAGE OF CAPITAN,
MAYOR STEVE SEDERWALL, individually
and in his capacity as Mayor of Capitan,
BILL MARTIN, GEORGE TIPPIN,
ED DAVIS and BOBBIE SHEARER,
in their official capacities as the Board of Trustees,

    Defendants.

MEMORANDUM OPINION AND ORDER

        On February 27, 2006, the Defendants filed Defendants' Motion for Partial Summary Judgment on Plaintiff's FMLA Claims (Doc. No. 21). The Plaintiff did not file a response to the motion for partial summary judgment by April 24, 2006, the response deadline set by the Order Extending Deadlines (Doc. No. 25), filed March 9, 2006, and has to date not filed a response. The Plaintiff's failure to file a response opposing the motion for partial summary judgment is deemed to be consent to the granting of the motion. D.N.M. LR-Cv 7.1(b). Moreover, having reviewed the motion for partial summary judgment, including its exhibit, the Court concludes that Defendants' Motion for Partial Summary Judgment on Plaintiff's FMLA Claims should also be granted on its merits.

        The Defendants argue that they are entitled to summary judgment on the FMLA claims because the Village of Capitan does not meet the requisite number of employees (50 or more employees within a 75 mile area) for Plaintiff to be an employee eligible for FMLA benefits. As

the Seventh Circuit Court of Appeals explained:

> The FMLA generally applies only to employers with 50 or more employees, but the statute treats public agencies differently. The FMLA specifies that public agencies are "employers" under the statute regardless of the number of employees. 29 U.S.C. §2611(4)(A)(3); 29 C.F.R. §825.108(d). That numerical limitation, however, is resurrected elsewhere in the FMLA, which limits eligibility for FMLA protections to "eligible employees." 29 U.S.C. §2611(2)(B)(ii).

*Fain v. Wayne County Auditor's Office*, 388 F.3d 257, 259 (7th Cir. 2004). An "eligible employee" does not include an "employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. §2611(2)(B). The Seventh Circuit Court of Appeals further explained that

> [t]he regulations make clear that [29 U.S.C. §2611(2)(B)] applies to public agencies, stating "employees of public agencies must meet all of the requirements of eligibility, including the requirement that the employer (e.g. State) employ 50 employees at the worksite or within 75 miles." 29 C.F.R. §824.108(d). Therefore, even though public agencies fall within the FMLA regardless of the number of employees, those employees cannot seek FMLA benefits unless the agency employed at least 50 employees within a 75 mile area.

*Fain*, 388 F.3d at 259. In this case, it is undisputed that the Village of Capitan as a public agency employs only 15 persons within a 75 mile area.[1] *See* Ex. A (attached to Defendants' Motion for Partial Summary Judgment on Plaintiff's FMLA Claims). Consequently, the Plaintiff is not eligible for FMLA benefits and the Defendants are entitled to summary judgment on the FMLA claims.

IT IS ORDERED that Defendants' Motion for Partial Summary Judgment on Plaintiff's FMLA Claims (Doc. No. 21) is granted and Plaintiff's FMLA claims will be dismissed with

---

[1] A city or town is a single public agency and therefore, "a single employer for purposes of determining employee eligibility." 29 C.F.R. §825.108(c)(1).

2

prejudice.

                                              */s/ James A. Parker*
                                    SENIOR UNITED STATES DISTRICT JUDGE